**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANKLIN DAVID LICONA CANALES,<br>Petitioner,<br>v.<br>SIXTO MARRERO, Warden of Imperial Regional Detention Facility, et al.,<br>Respondents. | Case No.: 3:26-cv-04197-RBM-BJW<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. 1]** |

Pending before the Court is Petitioner Franklin David Licona Canales's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons below, the Petition is **GRANTED**.

## I. BACKGROUND

Petitioner entered the United States as an unaccompanied minor from Honduras in or around October 2022. (Doc. 1 at 11.) Petitioner was detained by immigration authorities for about one month before being released to his uncle in Maryland, where he remained while his immigration case was pending. (*Id.*) Petitioner continued to live in the United States after his release. (*Id.*) During that time, Petitioner "established strong ties to [his] community through [his] family, . . . employment, and . . . residence." (*Id.*) Petitioner has "no criminal convictions or criminal history." (*Id.*)

On June 29, 2026, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") while he was returning home from work in Maryland. (*Id.*) Petitioner was subsequently transferred to the Imperial Regional Detention Facility, where he remains detained. (*Id.*)

On July 22, 2026, Petitioner, proceeding *pro se*, commenced this action by filing the instant Petition. (Doc. 1.) Pursuant to this Court's Order (*see* Doc. 2), Respondents filed a Response to the Petition. (Doc. 4.) Although Petitioner was allowed to file an optional reply brief on or before August 18, 2026 (*see* Doc. 2 at 2), the Court does not require any additional briefing to adjudicate the Petition.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims his immigration detention without a bond hearing violates the Immigration and Nationality Act, 8 U.S.C. § 1226(a), and the Fifth Amendment's Due Process Clause. (Doc. 1 at 8.) Respondents argue "that Petitioner is subject to mandatory detention under § 1225(b)(2)," but "do[ ] not oppose the petition and defer[ ] to the Court on the appropriate relief." (Doc. 4 at 1–2.)

After the Petition was fully briefed, the Ninth Circuit issued its decision in *Rodriguez Vazquez v. Bostock*,—F. 4th—, 2026 WL 2196424 (9th Cir. July 30, 2026). There, the Ninth Circuit rejected Respondents' argument, concluding that noncitizens "present

without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id.* at *3. Because there is no dispute that Petitioner was detained in the interior of the United States after having resided here for over three years (*see* Doc. 1 at 8, 11), the discretionary detention procedures of § 1226(a) govern Petitioner's detention.

Petitioner also states that he was previously released from immigration detention as an unaccompanied minor, lived in the United States for over three years, was employed, filed taxes, and has no criminal history. (Doc. 1 at 11.) This Court has repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to procedural due process rights under the Fifth Amendment's Due Process Clause. *See Faizyan v. Casey*, Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (applying the due process inquiry set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and finding the Government's "revocation of [a petitioner's] conditional parole without an opportunity to be heard deprived [p]etitioner of his due process rights."); *Orellana-Batres v. Casey*, Case No.: 3:26-cv-00801-RBM-MSB, 2026 WL 1075655, at *4 (S.D. Cal. Apr. 20, 2026) (finding a petitioner who entered the United States as an unaccompanied minor "maintain[ed] a protected liberty interest in remaining free from detention" and his re-detention without a pre-deprivation hearing violated due process). The Court therefore adopts its reasoning in those cases and applies it here. For those same reasons, Petitioner's re-detention without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful.

## IV. CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. The Government is **ORDERED** to immediately release the noncitizen from custody, subject to his preexisting reporting requirements.
2. The Court **ORDERS** that, prior to any re-detention, the noncitizen shall receive notice and a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.

3. The noncitizen bears the burden of demonstrating, by a preponderance of the evidence, that he is not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).
4. At any such hearing, if the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[1]

**IT IS SO ORDERED**.

DATE: August 17, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").